IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RODNEY ROGERS #753165 | § | |
| | § | CIVIL ACTION NO. 9:06cv228 |
| RICHARD McKEE, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Rodney Rogers, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding pursuant to 28 U.S.C. 636(c). As Defendants, Rogers names Richard McKee, law library supervisor at the Polunsky Unit; Janice McKinzie and Dennis Coker, officers assigned to work in the law library; and Warden Richard Alford of the Polunsky Unit.

An evidentiary hearing was conducted on June 7, 2007, pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). At this hearing, Rogers testified that he and another inmate named Jerry Fuqua were working together on legal matters. Rogers had filed a state habeas corpus petition challenging his conviction, which was denied without written order. In February of 2006, he filed a federal habeas petition. On March 14, 2006, while he was attending a law library session, he received a Report from the magistrate judge in his federal petition, recommending that the petition be dismissed. Rogers also received a self-addressed returnable envelope.[1]

---

[1] At the hearing, the Court noted that the U.S. District Clerk's Office does not normally send returnable envelopes with Reports from the Magistrate Judge, and questioned Rogers as to whether it could have been a signature card; however, Rogers insisted that he had received an envelope, and so the Court will take his testimony as true.

1

Two days later, Fuqua came to a law library session with the envelope, and Officer Coker told him to destroy or throw away the envelope, or Fuqua would not be allowed to attend the session. Fuqua threw the envelope into the trash can, and Coker went over and tore it in half.

On March 17, Rogers and Fuqua completed Rogers' objections to the Report. Rogers went to the bulletin board in the law library and copied down the address for the U.S. District Court in Marshall. He mailed his objections, but they were returned to him about 20 days later because they were not deliverable as addressed. On April 17, 2006, Rogers learned that his habeas case had been dismissed with prejudice; the order of dismissal stated that no objections had been received.

That same day, Rogers says, he asked Richard McKee, the law librarian, to contact Warden Alford about the situation, but McKee refused. Fuqua asked McKee to prepare an affidavit about what had happened, and McKee again refused. McKee asked where Rogers had obtained the incorrect address, and Rogers showed it to McKee on the bulletin board. McKee had a clerk get a legal directory, which contained the correct address. McKee said to Rogers that he should file a grievance because he would not make out an affidavit. Rogers stated that he filed a grievance on April 27, and on May 11, McKee "showed up for work mad" and cancelled a legal visit between Rogers and Fuqua.

Rogers complained that McKee, as head law librarian, was responsible for the incorrect address being on the bulletin board. He acknowledged that McKee had not intentionally done this, noting that he was told that a new venue list had been "stolen," but said that McKee was not doing his job properly. He said that McKee, as well as Coker and McKinzie, refused to write statements to the Court explaining what had happened.

At the hearing, Rogers said that he would send in statements explaining what had happened. On June 21, 2007, he submitted this additional information. In an inmate request form, Rogers asked for assistance in obtaining an affidavit explaining to the court what had happened. A reply, purportedly signed by McKee, says that when Rogers told him that he (Rogers) had the address list

2

in his cell, and that he did not get it off of the bulletin board. This statement also says that a new venue list was on the shelf, but that someone had stolen it and replaced it with the old one.

Next, Rogers attaches an affidavit from an inmate named William Pardun. This affidavit says that Pardun was attending a law library session on March 17, 2006, when Rogers asked Pardun to show him where the federal court venue list was posted. Pardun took Rogers over to the bulletin board and showed him where the list was posted, and Rogers copied off the address on the board. Pardun says that he copied off the address for the Eastern District of Texas in Marshall as well.

Finally, Rogers attaches an affidavit from inmate Kenneth Mouton, who was working in the law library at the unit when a grievance came in from an inmate about the address of a certain divisional court in the Eastern District of Texas. Upon investigation of the matter, as instructed by McKee, it was discovered that the old venue list was still posted, although the new one had come in a couple of months earlier. He says that the new list was placed in the book on the counter and on the bulletin board, the venue list folders were checked, and "all necessary changes were made to look as if the new list had been in place all along."

Mouton says that it was later brought to his attention that the grievance had been filed by Rogers, who "was deemed time barred by the courts because his legal matter was returned due to it being incorrectly addressed." Mouton adds that Rogers' legal matter was delayed because of the incorrect posting of the venue list on the bulletin board; however, Mouton says, had Rogers gained his information from the legal directory, he would still have used the incorrect address, because the directory which the law library had was outdated.

Rogers' Federal Habeas Petition

Rogers' federal habeas petition was styled <u>Rogers v. Director, TDCJ-CID</u>, civil action no. 2:06cv71. It was filed on February 8, 2006. In the petition, Rogers complained about the legality of a 1996 conviction for aggravated robbery. On March 2, 2006, Magistrate Judge John Love issued a Report recommending that the petition be dismissed because of the expiration of the statute of

limitations. No objections were received from Rogers, as set out above, and the petition was dismissed on April 11, 2006.

Rogers' objections were received on April 18, April 28, and June 26, 2006. These were construed as motions for relief from judgment and the substance of the objections were carefully addressed by the Court. *See* Bagley v. Board of Directors - Famers National Bank, 31 Fed.Appx. 152 (5th Cir., December 11, 2001) (unpublished) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment).

After this review, the Court determined that Rogers' objections were without merit and that even had they been timely filed, they would not have affected the dismissal of his habeas corpus petition. Rogers did not appeal the dismissal of his habeas corpus petition or the denial of his motions for relief from judgment.

Legal Standards and Analysis

Inmates have a right of access to courts, and prison officials cannot deny inmates such access. Bounds v. Smith, 430 U.S. 817 (1976). However, actual injury must be shown to set out a violation of Bounds. Lewis v. Casey, 116 S.Ct. 2174, 2179-81 (1996) (actual harm must be shown to establish a violation of the right of access to court); *accord*, Mann v. Smith, 796 F.2d 79, 83 (5th Cir. 1986).

The Supreme Court has held that Bounds does not "guarantee inmates the wherewithal to transform themselves into litigating engines." Lewis, 116 S.Ct. at 2182. In Lewis, as noted above, the Court reaffirmed the longstanding requirement that inmates claiming a violation of Bounds must show actual injury. Lewis, 116 S.Ct. at 2180. The Court provided the following examples of "actual injury" under Bounds:

> [The inmate] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered some arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 116 S.Ct. at 2180.

In this case, Rogers has failed to show that he suffered any injury as a result of the fact that the bulletin board in the library had the wrong address for the Marshall Division court. It is unquestionably true that his objections to the Report in his habeas case were delayed and thus not timely received; however, these objections were subsequently reviewed by the Court and were determined to lack merit. In fact, the Court specifically stated that had the objections been received in a timely fashion, they would not have affected the result. Thus, Rogers has failed to show that he suffered harm, which is a prerequisite for asserting a claim of denial of access to court.

Furthermore, Rogers has failed to show that any of the Defendants acted intentionally or with deliberate indifference to his rights. The Fifth Circuit has held that a negligent misplacing of legal mail, which did not prejudice the prisoner's legal position, does not amount to a constitutional violation. Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988). A very similar situation exists in the present case - the bulletin board contained outdated information, and Rogers stated at the hearing that he did not believe that this was done intentionally. The affidavit which he furnishes from Mouton states that even had Rogers or McKee gone to the legal directory, they still would have obtained an incorrect address.

Nor does the fact that the Defendants would not give Rogers affidavits to send to the Court show that a constitutional violation occurred. The Court's order on his objections in his habeas case acknowledged that Rogers' objections were delayed, but considered these objections and concluded that they lacked merit. The Supreme Court has indicated that there is no constitutional right to present meritless arguments, and thus no constitutional violation when an inmate is precluded from doing so. Lewis, 116 S.Ct. at 2181 and n. 3; cf. Johnson v. Rodriguez, 110 F.3d 299, 310-11 (5th Cir. 1997) (distinguishing between "protected" filings and "frivolous" filings in analysis of a retaliation claim). His claim that he was improperly denied access to court is without merit.

Rogers also complains that his return envelope was thrown away. He says that Fuqua took his envelope into the law library, although he does not explain why Fuqua had the envelope, and that Officer Coker made him throw it away. Even had Rogers kept the envelope, however, this would

5

simply have afforded him the opportunity to file meritless objections. Consequently, the fact that he was deprived of his envelope through Coker's order to Fuqua to throw it away did not amount to a constitutional violation.

Rogers complains that about two weeks after he filed a grievance, McKee cancelled a legal visit between Rogers and Fuqua. The Fifth Circuit has held that inmates have no right to face-to-face legal visits with one another. Beck v. Lynaugh, 842 F.2d 759 (5th Cir. 1988). Nor is there a right to legal assistance from any particular inmate. Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996). The fact that this legal visit was cancelled does not set out a constitutional violation.

Nor has Rogers set out a claim of retaliation. In Jones v. Greninger, 188 F.3d 322 (5th Cir. 1999), the Fifth Circuit expressed the law on retaliation claims as follows:

> To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.

Jones, 188 F.3d at 325-26. The Court went on to note that if the inmate was unable to point to a specific constitutional right that was violated, the claim would fail.

In the Jones case, the plaintiff complained that he was retaliated against for filing grievances, and the retaliation took the form of limiting his right of access to court. This limitation involved a transfer to work in food service, so his legal research time would be limited to five hours per week. The Fifth Circuit held that there was no constitutional violation inherent in a limitation of law library access time to five hours per week; consequently, the Court said, because Jones had failed to show that the Defendants had engaged in conduct that will result in a violation of his right of access to court, his retaliation claim fails. Jones, 188 F.3d at 326.

Similarly, in Tighe v. Wall, 100 F.3d 41 (5th Cir. 1996), inmate Thomas Tighe was assigned to the job of "inmate counsel substitute." He was removed from this job for unsatisfactory job performance, and the warden later filed an affidavit saying that he believed Tighe had improperly called the family of an inmate about allegations of physical abuse within the prison. Tighe

6

contended that his dismissal from the job was in retaliation for providing legal assistance to fellow inmates, apparently in the form of making the call to the other inmate's family.

The Fifth Circuit held that to survive summary judgment, Tighe must allege a violation of a constitutional right and demonstrate a retaliatory motive. Although Tighe argued that his First Amendment right of free speech included the right to give legal assistance to fellow inmates, and that he was removed from his job as inmate counsel and transferred to another prison in retaliation for exercising this right, the Fifth Circuit disagreed.

Instead, the Court held that prisoners have no constitutionally protected interest in a particular facility or a specific work assignment. The Court cited an Eighth Circuit case, Gassler v. Rayl, 862 F.2d 706 (8th Cir. 1988) as saying that the transfer of a prisoner for writ-writing does not in and of itself constitute the violation of a protected right, and said that Tighe's argument that prisoners had been deprived of his legal assistance was without merit because prisoners have no right to a particular inmate's help in legal matters, so long as the putative recipient's right of access to the courts is not infringed. Consequently, the Fifth Circuit concluded that Tighe had failed to show the violation of a constitutional right, and so his retaliation claim failed. Tighe, 100 F.3d at 43.

In Morris v. Powell, 449 F.3d 682, 684-85 (5th Cir. 2006), the Fifth Circuit held that to sustain a retaliation claim, a prisoner must allege "more than *de minimis* retaliation." Here, Rogers complains of retaliation which took the form of the cancellation of a single legal visit between himself and Fuqua. This action does not work a constitutional violation, and is no more than *de minimis*. Furthermore, Rogers has not alleged a chronology of events from which retaliation may plausibly be inferred; he simply says that he filed a grievance, and that McKee later "came to work mad" and cancelled the visit. The mere fact that one incident precedes another is not proof of a causal connection; this is the logical fallacy of post hoc ergo propter hoc (after this, therefore on account of this). *See* Tampa Times Co. v. National Labor Relations Board, 193 F.2d 582 (5th Cir. 1952) (post hoc ergo propter hoc is not sound logic). The plaintiff's claims of retaliation are based on this fallacy and thus insufficient to state a constitutional claim.

Finally, Rogers sues Warden Richard Alford, saying that as warden, Alford was responsible for what happened. The Fifth Circuit has held that lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases. Williams v. Luna, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable if there is personal involvement in a constitutional deprivation, a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987).

In this case, Rogers has not shown that Warden Alford was personally involved in a constitutional deprivation, that a causal connection existed between wrongful conduct by Alford and a constitutional deprivation, nor that Warden Alford implemented a constitutionally deficient policy which was the moving force behind a constitutional deprivation. In fact, Rogers has failed to show that a constitutional deprivation took place at all; the Fifth Circuit has held that absent primary liability, there can be no supervisory liability. Gibbs v. King, 779 F.2d 1040, 1046 n.6 (5th Cir.), *cert. denied* 476 U.S. 1117 (1986). His claims are without merit.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-7 (1989). A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that

could be proved consistent with the allegations.  Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Rogers' claims lack any arguable basis in law and fail to state a claim upon which relief may be granted.  Consequently, his lawsuit may be dismissed as frivolous under 28 U.S.C. §1915A(b).  *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993).  It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous.  28 U.S.C. §1915A(b).  It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **1**   day of  **October, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE